UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

Filed at 4:05 PM
DATE 9/9/05
DEPUTY CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

| | | |
|---|---|---|
| JAMES TURNER, | * | |
| Petitioner | * | CASE NO. 5:04-CV-307 DF |
| | | 28 U.S.C. § 2255 |
| VS. | * | |
| | | [CASE NO. 5:97-CR-74 DF] |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Petitioner James Turner was charged with conspiracy to possess with intent to distribute "crack cocaine" in violation of 21 U.S.C. § 846, in connection with 21 U.S.C. § 841(a)(1), and five counts of distribution of "crack cocaine" in violation of 21 U.S.C. § 841(a)(1), in an Indictment returned in this Court on September 23, 1998. (R-90). After plea negotiations, Petitioner entered into a Plea Agreement with the Government and pled guilty on June 3, 1999 (R-185, 186) to Count Eleven of the Indictment, charging distribution of "crack cocaine in violation of 21 U.S.C. § 841(a)(1). Subsequent to the report of a Pre-Sentence Investigation (PSI), Petitioner was sentenced to serve 135 months incarcerated, and Judgment to that effect was entered of record on August 27, 1999. (R-225, 227). Petitioner filed no direct appeal of his sentence. However, on September 25, 2000, he filed Motion to Vacate Set Aside or Correct pursuant to 28 U.S.C. § 2255, raising guideline sentence issues. (R-264). The Motion was referred to United States Magistrate Judge Faircloth who reported that Petitioner's § 2255 Motion was time-barred by the AEDPA statute of limitations and recommended to the District Judge that the same be Denied. (R-270). Petitioner filed no

objections to the Report and Recommendation, and on September 14, 2001, the district court adopted the same, denying Petitioner's Motion to Vacate as barred by the statute of limitations. (R-288, 289). Petitioner filed no appeal of the court's judgment on his § 2255 Motion. He filed no pleadings whatsoever until August 29, 2005, when he filed a second and successive § 2255 Motion To Vacate, Set Aside, or Correct his Sentence (R-360), as present Case No. 5:05-CV-307-DF.

In his present Motion, recognizing that there is a serious issue regarding his failure to seek and obtain from the Eleventh Circuit Court of Appeals an Order authorizing the filing of a second or successive Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255, Petitioner Turner takes the unique position that the District Court's "judgment denying the petitioner's § 2255 motion on September 14, 2001, does not state that the Court denied the 2001 motion with prejudice. Therefore, a subsequent filed motion cannot be considered second or successive." Petitioner offers no authority for this position and none is found.

"The AEDPA provides that, to file a second or successive § 2255 motion, the movant must first file an application (with the Circuit Court of Appeals) for an order authorizing the district court to consider it. *See* 28 U.S.C. § 2244(b)(3)(A). Without authorization, the district court lacks jurisdiction to consider a second or successive petition. *See Hill v. Hopper,* 112 F.3d 1088, 1089 (11th 1997)." *Farris v. United States,* 333 F.3d 1211, 1216 (11th Cir. 2003). Only if the district court dismisses "without prejudice", however, is "the refiled petition is not 'successive.'" *Slack v. McDaniel,* 529 U.S. 473, 120 S.Ct. 1595 (2000).

The dismissal of a § 2255 petition as untimely presents a permanent and incurable bar to federal review of the merits of the claim because, unlike cases where a habeas or § 2255 petition is dismissed without prejudice for failure to exhaust or as premature, a time-bar cannot be corrected. *Villanueva v. United States,* 346 F.3d 55 (2nd Cir. 2003) *cert. denied* 124 S.Ct. 2895. "Federal prisoners seeking to file a second or successive Motion To Vacate, Set Aside, or Correct his Sentence must move the court of appeals for an order authorizing the district court to consider the second or successive motion." *In re Joshua,* 224 F.3d 1281, (11th Cir. 2000).

For the sake of judicial economy, it can be noted that Petitioner Turner seeks to reopen his sentence on the ground that he has obtained the vacatur of prior state convictions which were used to enhance his federal sentence. He attaches to his Motion a copy of an Order of the Superior Court of Bibb County, Georgia under date of February 6, 2004, vacating four of his state conviction. Without determining if any of these convictions were used to enhance his federal sentence, the date of the proffered state-court order shows that Petitioner Turner has failed to meet the "due diligence" requirement of § 2255, ¶ 6(4). The Supreme Court decided *Johnson v. United States,* 125 S.Ct. 1571, on April 4, 2005, holding as follows:

> In a case in which a prisoner collaterally attacks his federal sentence on the ground that a state conviction used to enhance that sentence has since been vacated, § 2255, ¶ 6(4)'s one-year limitations period begins to run when the petitioner receives notice of the order vacating the prior conviction, *provided that he has sought it with due diligence in state court after entry of judgment in the federal case* in which the sentence was enhanced. (emphasis added).
> . . . the date the District Court entered judgment in his federal case, Johnson *was obliged to act diligently* to obtain the state-court order vacating his predicate conviction.

3

*Johnson,* 125 S.Ct. at 1573, 1577, 1582.

The Supreme Court's 2005 *Johnson* ruling requires that upon receiving a federal sentence, enhanced by prior state convictions, the petitioner must exercise due diligence to obtain vacatur of the State sentence or sentences used in order to collaterally attack his sentence. The Supreme Court held that Johnson had not exercised the *due diligence* required in § 2255, ¶ 6(4) in seeking State habeas review of his predicate sentence, and his sentence was time-barred by the AEDPA one-year statute of limitations for § 2255, ¶ 6(4). The Supreme Court therefore denied Johnson relief on *certiorari* in his case. Petitioner's case cannot be distinguished from the *Johnson* case. Petitioner Turner allowed more than the one year period of limitations to elapse from the date of the state vacatur order until his filed his Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255, ¶ 6(4), which he did not file until August 29, 2005, more than 17 months after the state vacatur order.

**WHEREFORE, IT IS RECOMMENDED** that Petitioner's Motion be DENIED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 8th day of September 2005.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE